UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMBINED CAPITAL INVESTMENTS, LLC | * |
| | * CIVIL ACTION NO.: 2024-1475 |
| Plaintiff | * |
| | * SECTION |
| versus | * |
| | * DISTRICT JUDGE |
| ARCS ALIGNED, LLC, | * |
| Defendant | * MAGISTRATE JUDGE |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER**

NOW INTO COURT, through undersigned counsel, comes, COMBINED CAPITAL INVESTMENTS, LLC (hereinafter referred to as "Combined Capital"), and who with respect represents the following, each in the alternative:

1.

The allegations of paragraph 1 does not require an answer but is denied out of an abundance of caution.

2.

The allegations of paragraph 2 does not require an answer but is denied out of an abundance of caution.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of paragraph 4 are admitted.

5.

The allegations of paragraph 5 are admitted to the extent that Combined Capital acquired the full ownership of property at 1815 Second Street, New Orleans, Louisiana.

6.

The allegations of paragraph 6 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

7.

The allegation of paragraph 7 does not require an answer but is denied out of an abundance of caution.

8.

The allegations of paragraph 8 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

9.

The allegations of paragraph 9 does not require an answer but are denied out of an abundance of caution.

10.

The allegations of paragraph 10 are admitted. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

11.

The allegations of paragraph 11 are denied as the defendant does not have sufficient information to justify a belief therein.

12.

Defendant avers that the tax certificate is the best evidence of what it purports to represent. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

13.

The allegations of paragraph 13 are admitted. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

14.

The allegations of paragraph 14 are admitted. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

15.

The allegation of paragraph 15 states a conclusion of law and does not require an answer, but is denied out of an abundance of caution. Defendant avers that a title which is an absolute nullity cannot be a just title and cannot serve as the basis of the 10-year acquisitive prescription.

16.

The allegations of paragraph 16 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below. There could be no reasonable belief or objective consideration where the face of the tax deed evidenced an irregularity and where the tax purchaser could reasonably conclude that the purported purchase of a 1% interest entitled it to take possession of the property one day after recordation of the tax certificate.

17.

The allegations of paragraph 17 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

18.

The allegations of paragraph 18 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

19.

The allegations of paragraph 19 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

20.

The allegations of paragraph 20 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

21.

The allegations of paragraph 21 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

22.

The allegations of paragraph 22 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

23.

The allegations of paragraph 23 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

24.

The allegations of paragraph 24 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

25.

The allegations of paragraph 25 are denied. Defendant avers that the purported tax sale, tax sale deed and related acts are nullities and are invalid, inapplicable and without any legal effect for the reasons more fully set forth below.

26.

Any allegations not previously admitted, qualified or denied are denied for lack of sufficient information to justify a belief therein.

**AFFIRMATIVE DEFENSES**

And now**,** further answering, Defendant Combined Capital Investments, LLC asserts the following affirmative defenses:

27.

Arcs Aligned has not been in open, physical and continuous possession of the subject property since February 5, 2010.

28.

The purported tax sale is absolutely null for lack of sufficient pre-sale notice to the owner of the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2153(A), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States. See Smitko v. Gulf Shrimp, Inc., 11-2566 (La. 7/12/12), 94 So.3d 750; Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). An action for absolute nullity of a tax sale is not subject to peremption or prescription. See Mooring Tax Asset Group, LLC v. James, 14-0109 (La. 12/09/14, 156 So.3d 1143.

29.

The purported tax sale is absolutely null for lack of sufficient pre-sale notice to parties with an interest in the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2153(A), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States. See Smitko v. Gulf Shrimp, Inc., 11-2566 (La. 7/12/12), 94 So.3d 750; Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

30.

The purported tax sale is absolutely null for lack of sufficient pre-sale notice to all tax sale parties at the time of the tax sale as required by Louisiana Revised Statute § 47:2153(A)(2)(b), and any other applicable law. Tax sale parties are defined by Louisiana Revised Statute § 2122(19), and said tax sale should have been canceled pursuant to Louisiana Revised Statute § 47:2153(C)(1).

31.

The purported tax sale is null because notice of the same was not properly published and/or advertised pursuant to Louisiana Revised Statute § 47:2153(B), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States.

32.

The purported tax sale is an absolute nullity because the tax sale was conducted in violation of the constitutional due process rights of Owen H. Reed. Specifically, neither the City Tax Collector, Second Suites or anyone on their behalf provided pre–sale tax sale notice to Owen Reed.

33.

Due to tax sale and tax certificate being absolute nullities, no interest is owed on the purchase price paid at the tax sale or subsequent taxes and/or costs paid by the

Arcs Aligned under Article 7, § 25 of the Louisiana Constitution, as that Article is inapplicable to an absolutely null tax sale conducted in violation of due process.

34.

Due to the purported transfer of interest from Second Suites, LLC unto Arcs Aligned as transferee, Arcs Aligned is not entitled to reimbursement in the event that the tax sale and tax certificate are deemed absolute nullities.

35.

The purported tax sale is null because post-sale notice was not provided to the owner(s) of the property, and, if said post-sale notice would have been provided, then the owner(s) would have exercised the right of redemption.

36.

Arcs Aligned failure to mitigate its damages is pled in bar or reduction to its recovery once the tax sale and tax certificate are declared an absolute nullity.

37.

Second Suites' failure to mitigate its damages is pled in bar or reduction to its recovery once the tax sale and tax certificate are declared an absolute nullity.

38.

Second Suites was not a good faith possessor on February 5, 2010 where there existed no reasonable belief that Second Suites believed itself "the master of the thing it possesses" one day after it purchased a 1% tax deed interest with a three year redemptive period.

39.

An absolutely null tax deed cannot serve as "just title" for purposes of acquisitive prescription.

40.

Second Suites and Arcs Aligned, as transferee, was not in good faith and/or lacked good faith as the face of the tax certificate evidenced the lack of sufficient pre-sale

advertisement as the first advertisement of the sale appeared in the local journal on November 21, 2009 and the tax sale occurred on December 2-3, 2009.

41.

The City Tax Collector did not comply with La. R.S. 43:203 where he failed to run the first advertisement of the tax sale at least thirty (30) days before the date of the tax sale.

42.

Defendant, Combined Capital hereby give notice that it intends to rely upon other defenses that may become available or apparent during the course of recovery and/or trial of this matter and thus, reserves its rights to amend this responsive pleading to assert additional affirmative or other defenses to Arcs Aligned claims herein. Any defenses asserted herein which may be interpreted as inconsistent with each other are pled in the alternative.

WHEREFORE, Combined Capital Investments, LLC, prays that this answer is deemed sufficient and, after due proceedings are had, that the claims filed by Arcs Aligned be dismissed with prejudice at its own cost.

## RECONVENTIONAL DEMAND

AND NOW INTO COURT, comes Plaintiff-in-reconvention, Combined Capital Investments, LLC:

### **Parties**

43.

Made defendant in reconventional demand herein is Arcs Aligned, LLC (hereafter "Arcs Aligned"), an LLC organized and domiciled under the laws of the State of Louisiana and Parish of Orleans.

44.

Made defendant in reconventional demand herein is Second Suites, LLC (hereafter "Second"), an LLC organized and domiciled under the laws of the State of Louisiana and Parish of Orleans.

45.

Made defendant in reconventional demand herein is City of New Orleans, a municipal entity, created and authorized to be sued under the Constitution of the State of Louisiana.

46.

Made defendant in reconventional demand herein is Director of Finance for the City of New Orleans, a duly authorized official of the City of New Orleans, acting under color of authority vested by the Louisiana Constitution and Laws of the State of Louisiana and the Ordinances of the City of New Orleans.

47.

Made defendant in reconventional demand herein is Bureau of Treasury for the City of New Orleans, a department of the City of New Orleans. Hereinafter, Defendants-in- reconvention the City of New Orleans, Director of Finance for the City of New Orleans and the Bureau of Treasury for the City of New Orleans, as set forth in paragraphs 44 through 46 above, are collectively referred to as "City Tax Collector."

**Jurisdiction**

48.

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). The cause of action is for denial of due process under the Fourteenth Amendment of the United States Constitution.

49.

The subject property of this action bears municipal address 1815 Second Street, New Orleans, Louisiana, and is fully described herein:

> **ONE CERTAIN LOT OR PORTION OF GROUND**, together with all of the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Orleans, State of Louisiana, in the Fourth District of the City of New Orleans, designated as Square 262, Lots G, H, and I, measuring twenty-one by seventy-three feet each, bounded by Second Street, Dryades Street, First Street and Baronne Street.
> The improvements thereon bear the Municipal No. 1815 Second Street.

50.

Owen H. Reed was record owner of the property at 1815 Second Street, New Orleans, Louisiana prior to and at the time of the tax sale. Reed did not receive either pre-sale tax notice or post-sale tax notice from the City Tax Collector or from anyone on its behalf.

51.

Reginald E. Zeno, ex-officio tax collector for the City of New Orleans, did purportedly cause to be advertised for the tax sale of property at 1815 Second Street on November 21, 2009 and November 28, 2009 in the official journal for the Parish of Orleans

52.

On January 29, 2010, the City Tax Collector executed a tax sale deed (hereinafter "Tax Deed") purporting to convey title of the subject property from Owen H. Reed to the tax sale purchaser, defendant-in-reconvention Second Suites, LLC, and recorded in the Notarial Archives for the Parish of Orleans on February 4, 2010. A copy of the purported tax deed was attached to the Petition to Quiet Title by Acquisitive Prescription and for Partition in this matter, and is incorporated herein by reference.

53.

Combined Capital is owner of the property by quitclaim deed recorded on April 24, 2024.

## NULLITY

### Pre-sale notice

54.

On information and belief, neither the City Tax Collector, the Sheriff, nor any other person provided sufficient pre-sale notice to parties with an interest in the property at the time of the tax sale of the property pursuant to Louisiana Revised Statute § 47:2153(A), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States.

55.

On information and belief, neither the City Tax Collector, the Sheriff, nor any other person provided sufficient pre-sale notice to tax sale parties as required by Louisiana Revised Statute § 47:2153(A)(2)(b), and any other applicable law, and as defined by Louisiana Revised Statute § 47:2122(19).

56.

The purported tax sale is absolutely null, based upon information and belief, for lack of sufficient pre-sale notice to parties with an interest in the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2153(A), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States. **See Paragraph 27 above.**

57.

Additionally and alternatively, the purported tax sale is absolutely null, based upon information and belief, for lack of sufficient pre-sale notice to parties with an interest in the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2153(A), Article 7, § 25 of the Louisiana Constitution, and any other

applicable law, including the Constitution of the United States. **See Paragraph 28 above.**

58.

Additionally and alternatively, the purported tax sale is absolutely null, based upon information and belief, for lack of sufficient pre-sale notice to all tax sale parties as required by Louisiana Revised Statute § 47:2153(A)(2)(b), and any applicable law. Tax sale parties are defined by Louisiana Revised Statute § 2122(19), and said tax sale should have been canceled pursuant to Louisiana Revised Statute § 47:2153(C)(1).

59.

Additionally and alternatively, the purported tax sale is absolutely null, based upon information and belief, for lack of sufficient pre-sale advertisement as required by Louisiana Revised Statute § 42:203, and any applicable law.

60.

The first advertisement of the property occurred on November 21, 2009 and the tax sale of the property occurred on December 2, 2009 which was less than thirty (30) days prior to the date of sale as required by Louisiana Revised Statute § 42:203.

61.

Article 7, § 25(A)(1) of the Louisiana Constitution, provides in relevant part that [a] tax deed by a tax collector shall be prima facie evidence that a valid sale was made. The tax sale deed in this matter on its face is prima facie evidence of the irregularity of the purported tax sale, specifically, the nonconforming first publication date of the tax sale.

**Post-sale notice**

62.

On information and belief, neither the City Tax Collector, the Sheriff, nor any other person provided sufficient post-sale notice of the right to redeem to parties with an

interest in the property at the time of the tax sale of the property pursuant to Louisiana Revised Statute § 47:2122(4), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States.

63.

On information and belief, neither the City Tax Collector, the Sheriff, nor any other person provided sufficient post-sale notice of the right to redeem to tax sale parties as required by Louisiana Revised Statute § 47:2122(4), and any other applicable law, and as defined by Louisiana Revised Statute § 47:2122(19).

64.

The purported tax sale is absolutely null, based upon information and belief, for lack of sufficient post-sale notice of the right to redeem to parties with an interest in the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2122(4), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States.

65.

Additionally and alternatively, the purported tax sale is absolutely null, based upon information and belief, for lack of sufficient post-sale notice of the right to redeem to parties with an interest in the property at the time of the tax sale pursuant to Louisiana Revised Statute § 47:2122(4), Article 7, § 25 of the Louisiana Constitution, and any other applicable law, including the Constitution of the United States.

66.

Additionally and alternatively, the purported tax sale is absolutely null, based upon information and belief, for lack of sufficient post-sale notice of the right to redeem to all tax sale parties as required by Louisiana Revised Statute § 47:2122(4), and

any applicable law. Tax sale parties are defined by Louisiana Revised Statute § 2122(19),

## PETITORY ACTION

67.

Upon information and belief, Arcs Aligned is in corporeal possession of the property and has been in corporeal possession since August 11, 2022.

68.

Combined Capital avers that both it and Arcs Aligned claim ownership under recorded title.

69.

Combined Capital avers that Arcs Aligned claims ownership under Tax Sale Deed issued in favor of Second Suites, LLC. and recorded on February 4, 2010 at NA #2010-05786 and CIN 450062.

70.

Combined Capital avers that its ancestor-in-title, Owen Reed was disturbed in his possession when the tax sale and resultant tax sale deed was recorded against the property.

71.

Combined Capital Investments, LLC is the owner of property at 1815 Second Street by quitclaim deed recorded at NA #2024-11605 CIN 740853; and NA # 2024-11606 CIN 740854 on March 24, 2024.

72.

And now your petitioner, anticipating that Arcs Aligned will rely upon the validity of the said tax deed and acquisitive prescription, as the basis of its title and right to said property, avers that the said tax deed hereinabove described is null and void for the following causes and reasons, to-wit:

    A.    Failure of advertise tax sale in accord with La. R.S. 42:203;

    B.    Failure to provide pre-sale in accord with Louisiana Revised Statute § 47:2153(A).

    C.    Failure to provide post-sale notice of the right of redemption in accord with Louisiana Revised Statute § 47:2122(4).

### PRAYER FOR RELIEF

WHEREFORE, Lund prays for issuance of service and citation and after due delays that there be judgment in favor of Combined Capital Investments, LLC and against Second Suites, LLC, Arcs Aligned, LLC and City Tax Collector for:

1. Absolute nullity of tax sale deed to Second Suites, LLC on the property at 1815 Second Street, New ORleans, Louisiana;

2. That Combined Capital Investments, LLC is the owner of property at 1815 Second Street and forever prohibiting the heirs, successors or assigns of Second Suites, LLC and Arcs Aligned, LLC from setting up right, title or interest in the subject property;

3. That, as the recipient of the tax sale deed, Arcs Aligned is not entitled to reimbursement of any amounts paid at the tax sale or for subsequent taxes.

4. That the City Tax Collector be ordered to cancel the tax deed recorded in favor of Second Suites, LLC at NA #2010-05786 and CIN 450062;

5. That the Petition to Quiet Title by Acquisitive Prescription and Partition be dismissed with prejudice at Arcs Aligned own cost; and

6. For all general and equitable relief.

                                                          Respectfully Submitted,
/s/ Ben Council
Ben Council LSBN 34269
The Council Law Firm, L.L.C.
419 S. Salcedo St., Suite #2
New Orleans, La. 70119
Office: (504) 822-8350
Ben@TheCouncilLawFirm.com