## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCS Aligned, Inc.** | **Civil Action No.: 2:24-CV-1475** |
| **v.** | **Judge: Jane Triche Milazzo** |
| **Combined Capital Investments, LLC** | **Magistrate Judge: Donna Phillips Currault** |

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND AND FOR ATTORNEY'S FEES

Plaintiff ARCS Aligned, Inc. moves to remand this case to state court because this court does not have subject matter jurisdiction. Defendant Combined Capital Investments, LLC alleged there was a federal question based on an allegation of a due process violation made in its reconventional demand. The existence of a federal question is based on the allegations made in the *state court petition*. Combined Capital cannot *create* subject matter jurisdiction by asserting a federal question as a defense.

For this case to have been subject to removal, ARCS' *petition* must have asserted "a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1)(A). The U.S. Supreme Court detailed the inquiry required to determine the propriety of removal:

> We have long held that the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule, which provides that *federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. To bring a case within the federal-question removal statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Thus, *a case may not be removed to federal court on the basis of a federal defense.*

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (emphasis added; citations and quotations omitted). See also *Jefferson v. Nicholls State Univ.*, No. CV 18-4641, 2018 WL 5729763, at *1 (E.D. La. Nov. 2, 2018) (". . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A federal question is present when there appears on the face of the complaint some substantial, disputed question of federal law."; citations and quotations omitted); *Jackson v. Boone*, No. CV 20-3393, 2022 WL 18276710, at *5 (E.D. La. Dec. 15, 2022), report and recommendation adopted, No. CV 20-3393, 2023 WL 172086 (E.D. La. Jan. 12, 2023) (same).

The face of ARCS' petition does *not* raise a federal question. ARCS alleged it is the owner of a 1% interest in the property as a result of acquisitive prescription of ten years under state law. Combined Capital alleged in its reconventional demand that the tax sale on which the 1% interest is based is an absolute nullity based on a due process violation and cannot be "just title."[1] That statement is false as a matter of law. LRS 47:2288 explicitly states, "The tax sale certificate and the act by which an acquiring person obtains full ownership constitute just title for purposes of acquisitive prescription." Even if Combined Capital could prove a due process violation, whether an absolutely null tax sale is "just title" is a question of state law, not federal law." Whether there was or was not a due process violation is therefore immaterial.

While ARCS denies that Combined Capital actually raised a federal due process question in its reconventional demand, removal was improper because a federal question must appear on the face of ARCS' petition. As no federal question was alleged or present, there is no federal question jurisdiction and removal was improper. The motion for remand should be granted.

---

[1]One of the requirements of ten-years acquisitive prescription is possession pursuant to "just title." LCC Art. 3473. A tax sale is just title under the article. LRS 47:2288.

**Attorneys Fees**

Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The "well-pleaded complaint rule" is a basic and well-settled rule. ARCS' counsel were forced to spend several hours researching the removal and remand requirements and drafting this motion, notice, and memorandum in support. ARCS' counsel do not regularly practice in federal court and had to do the research on removal and remand which Combined Capital and its counsel should have done themselves before filing the notice of removal. ARCS should not have to bear those costs. ARCS asks the court to award $1,250 in attorney's fees (two hours for legal research, and three hours drafting motion for remand at $250 per hour).

In the event oral argument is requested by Combined Capital and granted by the court, ARCS asks for an additional $500 in attorney's fees (2 hours at $250 per hour) to prepare for and attend the hearing.

**Respectfully submitted,**

*Louisiana*
TAX SALE LAWYERS ||| James E. Uschold, PLC

_____
James E. Uschold      | No. 20023
Mark J Boudreau      | No. 23658
700 Camp Street – Suite 317
New Orleans, Louisiana 70130
Phone: 504-528-9500    | Facsimile: (on request)
JEU:   206-755-0007    | jeu@taxsalelawyer.com
MJB:   337-255-3573    | mjb@taxsalelawyer.com
**Service email (only):** service@taxsalelawyer.com

Counsel for ARCS Aligned, LLC