UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCS ALIGNED, LLC | * | CIVIL ACTION NO.: 2:24-cv-1475 |
| **Plaintiff** | * | |
| | * | SECTION H |
| versus | * | |
| | * | DISTRICT JUDGE MILAZZO |
| COMBINED CAPITAL | * | |
| INVESTMENTS, LLC | * | |
| **Defendant** | * | MAGISTRATE JUDGE CURRAULT |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

**I. Introduction**

Combined Capital submits this memorandum in support of its removal of Arcs Aligned's Petition to Quiet Title and for Partition to federal court under 28 U.S.C. § 1441. This memorandum draws upon the Supreme Court's opinion in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), relevant Fifth Circuit cases, and recent Louisiana case law to demonstrate that removal is appropriate due to the presence of a federal question intertwined with Arcs' state law claims.

In *Howery v. Allstate Insurance Co.*, 243 F.3d 912 (5th Cir. 2001), the Fifth Circuit emphasized that the federal issue must be evident from the face of the complaint for removal to be proper. Arcs' complaint, while purportedly grounded in state law, contains explicit allegations regarding the tax sale of the property at 1815 Second Street. Combined Capital asserts that the reason for couching the Petition in terms of acquisitive prescription was a result of the awareness of the tax sale's apparent defects. Specifically, Arcs Aligned alleged that the tax sale was not redeemed, which weighs upon the issue of due process notice—a substantial interest and enough to establish federal jurisdiction.

**II. Federal Issue Necessarily Raised**

In *Grable*, the Supreme Court held that a federal issue is necessarily raised if it is a fundamental part of the plaintiff's state law claim. Similarly, the determination of "just

title" under Louisiana law for a 10-year acquisitive prescription hinges on the validity of a 2009 tax sale. According to Louisiana case law, "just title" must be valid on its face, acquired in good faith, for value, and recorded. An absolutely null tax sale, which is void ab initio due to failure to comply with due process legal requirements, cannot support just title. The validity of this tax sale is an essential element of the state law claim and necessitates an inquiry into compliance with due process under the Fourteenth Amendment, raising a federal question. As in *Grable*, where the state law quiet title action required interpretation of federal tax law, Arcs' claim requires resolving a federal constitutional issue. The notice and due process rights are necessarily embedded in the state law claim analysis in response to the allegation of the failure to redeem the tax sale.

### III. Actually Disputed Federal Issue

The *Grable* Court emphasized that the federal issue must be actually disputed. Here, the federal issue of notice and due process compliance is central and contested. The dispute centers on whether the 2009 tax sale, which forms the basis of Arcs' claim to "just title," met the due process requirements of the Fourteenth Amendment. It is well-settled in Louisiana that an absolutely null tax sale, due to lack of due process, cannot constitute just title. This mirrors *Grable*, where the core dispute involved whether proper notice was given under federal tax law, a fundamental issue in the plaintiff's claim.

### IV. Substantial Federal Issue

*Grable* also requires that the federal issue be substantial. In the present case, the due process question is substantial because it directly impacts the validity of the title under state law. As in *Grable*, where the federal tax notice requirement was a substantial issue, determining whether due process was satisfied in the tax sale is crucial to the resolution of Arcs' state law claim, i.e., just title. Louisiana Supreme Court decisions confirm that an absolutely null tax sale cannot support just title, further illustrating the substantial federal issue at hand. This substantial federal question further justifies removal.

## V. Capable of Resolution in Federal Court

The final prong of the *Grable* analysis is whether the federal issue is capable of resolution in federal court without disrupting the federal-state balance. The *Grable* Court noted that federal jurisdiction over state law claims with embedded federal issues does not disturb the balance of judicial responsibilities. Similarly, resolving the due process issue in federal court in *Arcs Aligned v. Combined Capital* would ensure consistent interpretation of federal constitutional law, as reflected in Louisiana's jurisprudence on null tax sales. Federal courts are well-suited to adjudicate due process claims, further supporting removal.

## VI. Conclusion

Based on the criteria established in *Grable* and the analysis in *Howery* and Louisiana case law, the presence of a substantial, actually disputed federal issue embedded in Arcs' state law claim supports the removal to federal court. The due process question raised by the 2009 tax sale is central to the determination of "just title" and falls squarely within federal question jurisdiction. Therefore, the removal of this case to federal court under 28 U.S.C. § 1441 is proper, and the motion to remand should be denied.

Respectfully Submitted,
/s/ Ben Council
Ben Council LSBN 34269
The Council Law Firm, L.L.C.
419 S. Salcedo St., Suite #2
New Orleans, La. 70119
Office: (504) 822-8350
Ben@TheCouncilLawFirm.com

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon:

James E. Uschold                    jeu@taxsalelawyer.com

By email, ECF, or mailing the same by first class United States mail, postage prepaid on this 9th day of June, 2024.

/s/ Ben Council
Ben Council