## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ARCS ALIGNED, LLC**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO.: 24-01475**

**COMBINED CAPITAL INVESTMENTS, LLC**       **SECTION H**


### ORDER AND REASONS

Before the Court is Plaintiff ARCS Aligned, LLC's Motion to Remand and for Attorney's Fees (Doc. 10). For the following reasons, the Motion is **GRANTED IN PART**.


### BACKGROUND

On April 29, 2024, Plaintiff ARCS Aligned, LLC filed an action to quiet title by acquisitive prescription in the Civil District Court for the Parish of Orleans against Defendant Combined Capital Investments, LLC. The property at issue is located at 1815 2nd St., New Orleans, Louisiana. Plaintiff alleges that on January 29, 2010, a state tax sale deed conveyed tax sale title to a 1% interest in the property to Second Suite LLC, and Second Suite LLC transferred its interest to Plaintiff on August 17, 2022. Defendant acquired or may have acquired an interest in the property by quitclaim deed. Plaintiff alleges that it is the owner of 1% interest in the property and is unwilling to continue ownership of the property with Defendant. Plaintiff brought this suit seeking to partition the property and order a judicial sale.

On June 9, 2024, Defendant removed this action to this Court on the

1

basis of federal question jurisdiction. Plaintiff has moved to remand the matter, arguing that the Court does not have subject matter jurisdiction. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Plaintiff moves to remand this action back to state court, arguing that the Court does not have subject matter jurisdiction. Defendant asserts original jurisdiction under 28 U.S.C. § 1331 based on a due process violation of the Fourteenth Amendment. Defendant alleges that pursuant to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, Plaintiff has alleged a state law claim that necessarily raises a disputed and substantial issue of federal law.[4] Specifically, Defendant contends that the tax sale upon which Plaintiff asserts its interest in the subject property is an absolute nullity because of a due process violation and cannot be "just title." Plaintiff rebuts that any due process issues have been raised by Defendant in defense and therefore cannot create federal question

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.
[4] Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

jurisdiction.

Section 1441 provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." The well-pleaded complaint rule governs the existence of federal question jurisdiction. [5] Under this "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. [6] The fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. [7] Indeed, even an inevitable federal defense does not provide a basis for removal jurisdiction. [8] Accordingly, the issue then is whether a question of federal law appears on the face of Plaintiff's well-pleaded complaint or merely as a defense. [9]

It cannot seriously be argued that Plaintiff's claims "arise under" federal law. Instead, Defendant argues that Plaintiff's state law claims have embedded federal issues. Defendant argues that for Plaintiff to succeed on its claim for acquisitive prescription, it must show that it has "just title," and a tax sale that is absolutely null due to failure to comply with due process requirements cannot support "just title." Therefore, it argues, compliance with due process is an essential element of Plaintiff's claim.

In support of its position that the federal question appears on the face of Plaintiff's Complaint, Defendant relies on the Supreme Court's decision

---

[5] Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).

[6] Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008).

[7] *E.g.*, Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

[8] *Hoskins*, 343 F.3d at 772  (quoting Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995).

[9] Elam v. Kan. City S. Ry., 635 F.3d 796, 803 (5th Cir. 2011).

in *Grable*.[10] In that case, the Court held that a state law claim can give rise to federal question jurisdiction if the state law claim "necessarily stated a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities."[11] A substantial question is one that implicates important national interests that are appropriate for resolution in federal court.[12] A disputed issue raises a serious controversy about a federal law's meaning, validity, or effect.[13] Additionally, Congress's preferred division of responsibility between state and federal courts is transgressed if deciding the case would invite too many similar state law cases into federal court.[14]

In *Grable*, the Plaintiff brought a claim for quiet title in state court, claiming that the title held by the purchaser of his property was invalid because the IRS had failed to give him notice of the sale as required by federal law.[15] The Court held that the case warranted federal jurisdiction where the state title claim was premised on the IRS's failure to give adequate notice as defined by federal law.[16] Plaintiff's claim therefore made the issue of notice—which required analysis of a federal tax provision—an essential element of his claim.[17] The Court also noted that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in federal court."[18] Further, the Court explained that the notice issue would only effect a small number of cases thereby not disrupting the

[10] *Grable*, 545 U.S. at 308.
[11] *Id.*
[12] *Id.* at 313.
[13] *Id.* at 309.
[14] *Id.* at 308.
[15] *Id.* at 315–16.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 315.

federal-state division of labor.[19]

Plaintiff's claim here is easily distinguishable from the one at issue in *Grable*. First and foremost, Plaintiff's Complaint does not state a federal issue. "[I]n cases such as *Grable*, the underlying state-law claim expressly stated its dependence on legal standards defined by federal law."[20] Here, Plaintiff claims it holds a state tax sale deed that is "just title" and supports ownership of 1% interest in the property "as a result of acquisitive prescription of ten years under state law."[21] "The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription."[22] Plaintiff has not premised its claim on any issue of federal law. Instead, the Court will be tasked with considering whether Plaintiff has met the state law requirements for acquisitive prescription.

Defendant raises the issue of due process as an affirmative defense to just one of these requirements—"just title." Specifically, Defendant alleges that the tax sale is absolutely null for lack of sufficient pre-sale and post-sale notice to the owner or interested parties of the property at the time of the tax sale pursuant to state law, the Louisiana Constitution, and the United States Constitution. Accordingly, the court will indeed be tasked with considering whether the notice given before and after the state tax sale complied with the requirements of both state and federal due process. That said, the ultimate issues required for resolution of Plaintiff's claims— including whether the tax sale is an absolute nullity and whether an absolute nullity can constitute "just title"—will be decided under state

---

[19] *Id.*
[20] Gromer v. Mack, 799 F. Supp. 2d 704, 709 (N.D. Tex. 2011).
[21] Doc. 10-1 at 2.
[22] LA. CIV. CODE art. 3475.

law.[23] "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[24] Further, the federal issue of whether Defendant received adequate due process does not raise a serious controversy about a federal law's meaning, validity, or effect; rather, it appears to be predominately an issue of fact.[25] Finally, federal courts do not have a strong interest in litigating the due process required for a state law tax sale.  Accordingly, Defendant has not shown that this Court has federal question jurisdiction, and removal was improper.

Plaintiff also requests attorney's fees incurred in the filing of this Motion to Remand. Pursuant to 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[26] While Defendant was ultimately incorrect on its interpretation of Plaintiff's Complaint, the Court finds that it had an objectively reasonable and good faith basis for removal. The Court declines to award attorney's fees.

---

[23] *See* LA. CIV. CODE art. 3483 cmt. ("[A]n absolutely null juridical act does not constitute a just title.").

[24] *Merrell Dow Pharms. Inc.*, 478 U.S. at 813.

[25] *Grable*, 545 U.S. at 309.

[26] Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is **GRANTED IN PART**. This matter is **REMANDED** to state court, and Plaintiff's request for attorney's fees is **DENIED**.

New Orleans, Louisiana, this 7th day of March, 2025

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**